UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Colle & McVoy, Inc., a Minnesota Corporation,

Plaintiff,

v.

Steven Kotula,

Defendant.

Civil Action 02-CV-239 JRT/FLN

**PROTECTIVE ORDER**

---

IT IS HEREBY STIPULATED AND AGREED by the parties to the above-entitled action, through the undersigned counsel, that the Court may enter an order pursuant to the following terms:

1. Definitions.

a. The term "Designating Party" means the party producing or designating documents or deposition testimony as "Confidential" under this Protective Order. A party may designate as "Confidential" documents in the hands of a third party, or the deposition testimony of the third party, if the third party is under an obligation, by contract or law, not to disclose such documents or deposition testimony without the prior consent of the Designating Party.

b. The term "Receiving Party" means the party receiving documents or deposition testimony designated as "Confidential" under this Protective Order.

c. The term "Confidential" as used in this Protective Order means documents (including, but not limited to answers to interrogatories and requests for admissions) and

FILED JUL 19 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

deposition testimony that the Designating Party designates as Confidential. A party may properly designate as Confidential any document or deposition testimony that constitutes or discloses information that is not readily ascertainable, through proper means, by either the public or the party's competitors or potential competitors and may include, but is not limited to, sensitive personal, commercial, or financial information. All copies, abstracts, excerpts, analysis, or other writings that contain, reflect, or disclose the substance of documents or deposition testimony designated Confidential shall also be deemed Confidential.

2. Limited Use. Documents and deposition testimony disclosed in this litigation shall be used only for purposes related to this action and shall not be used for any business or commercial purpose. Without limiting the generality of the foregoing, material that Colle & McVoy designates as "Confidential" shall not be disclosed to Michael Klabunde or his agents. Disclosure of information extracted from documents or deposition testimony designated Confidential is authorized only in accordance with the terms of this Order. Unauthorized disclosure of information extracted from documents or deposition testimony designated Confidential is prohibited.

3. Disclosure Scope/Confidential Material. Documents and deposition testimony designated Confidential may be disclosed only to:

a. The partners, associate attorneys, and staff for the firms of Fredrikson & Byron, P.A.; Bassford, Lockhart, Truesdell & Briggs, P.A.; or future designated attorneys who represent any of the parties in this action;

b. The plaintiff and defendant, and those officers and employees of the parties to this action who need access to the information to assist the attorneys in representation of the parties;

c. Independent experts, consultants, persons, or firms employed to provide litigation support services who are not competitors of the parties or employees of competitors of the parties, retained on behalf of or by any party for purposes of this litigation, including their secretarial or clerical personnel (hereinafter the "Independent Experts"), provided that such independent experts or consultants first read this Protective Order and agree to abide by its terms by signing an undertaking in the form attached hereto as Exhibit A; and

d. The Court, Special Master, or other persons appointed by the Court, and stenographic and other deposition reporters.

4. Documents and Things Produced for Inspection. All documents and things produced for inspection shall be presumed to be Confidential at the time of inspection by the Receiving Party. After this inspection, but within a reasonable time after the Receiving Party has requested copies of certain documents, the Designating Party shall appropriately designate any Confidential documents and produce the requested copies.

5. Notice/Marking. To invoke protection under this Protective Order, the Designating Party shall conspicuously mark documents and deposition testimony "CONFIDENTIAL." It shall be the duty of the Designating Party to provide such notice to the Receiving Party concerning the documents and testimony to be considered as Confidential. No document or deposition testimony shall be deemed protected under this Protective Order unless it has been properly marked. It shall be the duty of the Receiving Party to comply with this Protective Order from the time of such notice.

6. Additional Relief. Nothing herein shall prevent any party or non-party from seeking additional relief from the Court, including: (1) a ruling that pertinent information or documents should not be treated as Confidential under this Order and/or (2) permission to

disclose Confidential documents to any person who might not otherwise be permitted to receive such documents under the provisions of this Order.

7. Burden of Proof. In the event a Receiving Party contests the designation of any document, deposition testimony, or other information as Confidential, the parties agree to consider removing or relaxing the confidential designations. A Receiving Party is not obligated to challenge the propriety of another party's designation of documents and deposition testimony as Confidential at the time the designation is made, and failure to do so does not preclude a subsequent challenge to the designation.

8. Disputes As To Confidential Status. Any party may challenge the appropriateness of any other party's designation of materials as "Confidential" by setting forth its objections and basis in writing. In the event of such a challenge, the party claiming confidentiality shall set forth in writing the factual and legal basis of its claim that the challenged materials are "Confidential" within the intent of this Protective Order. If within ten business days of such a challenge, the parties are unable to resolve the issues raised thereby, either party may present the dispute to the Court, and the materials in dispute shall be treated as confidential pending the Court's ruling.

9. Amendment/Modification. This Protective Order may be amended with respect to specific documents or deposition testimony without leave of Court by the agreement of counsel. This Protective Order shall remain in force and effect indefinitely until modified, superseded, or terminated on the record by agreement of the parties or by Order of the Court.

10. Depositions. All testimony taken by way of depositions in this case, whether by subpoena or notice of taking depositions, will be subject to the terms of this Protective Order. A transcript may be designated Confidential by any party or witness by requesting confidential

treatment either (1) on the record or (2) by written communication mailed within thirty days after receipt by the witness of the transcript for reading and signing. All parties shall treat a transcript as Confidential during that thirty-day period. If confidential treatment is requested on the record, the court reporter shall mark the face of the transcripts containing the designated testimony with the designation "Confidential."

Counsel for the Designating Party may also request that all persons other than the witness, the court reporter, counsel, and those individuals specified in Paragraph 3(a), leave the deposition room during the portion of any deposition that inquires into matters deemed Confidential by the Designating Party.

11. Inadvertent Disclosure. If a party produces any materials in discovery containing Confidential information without having previously marked them "Confidential," such disclosure shall not be deemed to be a waiver of the right to confidential treatment under this Protective Order. The party may subsequently designate the materials as "Confidential" by written notice, whereupon the Receiving Party will from that date forward treat the materials as Confidential.

Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of this immunity or privilege, provided that the Designating Party shall notify the Receiving Party of such inadvertent production no later than the first time the Designating Party knows or should have known of its use by the Receiving Party. Those inadvertently produced documents shall be returned to the Designating Party upon request, provided that the Designating Party makes a showing of the circumstances surrounding the documents' inadvertent production. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who has not already been given access to them subsequent to the request to return them. With respect to the application of any claim of

privilege or immunity for inadvertently produced materials, if the parties are unable to reach a satisfactory agreement within five business (5) days, the Designating Party may, within five (5) business days thereafter, petition the Court to resolve the matter. The Receiving Party shall not disclose the document, for which the belated claim of immunity or privilege is being made, to any persons, other than those persons who have had it in their possession prior to receipt of notification from the Designating Party, until the expiration of the five (5) day period identified in this paragraph or, if the matter is submitted to the Court, until disposition of the matter.

Nothing in this Order precludes either party from petitioning the Court for return of later-discovered, inadvertently produced work product immunity or attorney-client privileged documents. Any waiver of work product immunity or attorney-client privilege shall only apply to the inadvertently-produced documents and shall not operate as a waiver of the subject matter(s) encompassed by the inadvertently-produced documents.

12. Exceptions for Consent and Court Order. Nothing contained herein shall prevent disclosure beyond the terms of this Order if the Designating Party consents to such disclosure or if the Court, after notice to all affected parties, authorizes such disclosure.

13. Filing with Court. Written materials containing documents or deposition testimony, or other information designated Confidential, or copies, abstracts, excerpts, analysis, or other writings that contain, reflect, or disclose the substance of such documents or deposition testimony, when filed with or submitted to the Clerk of Court (or other person appointed by the Court) shall be filed in sealed envelopes, or by other appropriate means the Court may direct, on which shall be endorsed (1) the title of this action, (2) the phrase "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER," and (3) a statement substantially in the following form or containing language of similar import:

*This envelope contains confidential information which is to be kept under seal except by written agreement of the parties or order of the Court.*

Such endorsement shall not prevent a second copy of any pleadings or papers specifically intended for review by the Judge or Special Master from being hand delivered to ensure that the same is brought promptly to his/her attention, provided that each page that bears information contained or derived from Confidential documents and deposition testimony shall be marked as directed in Paragraph 5.

14. Trial Exhibits. If a Receiving Party intends to introduce into evidence at a trial any Confidential document or deposition transcript, the Receiving Party shall so inform the Court and Designating Party, and the Court will take the steps it may deem reasonably necessary to preserve the confidentiality of such information.

15. Conclusion of Litigation.

(a) At the conclusion of this litigation, by way of judgment, settlement, or otherwise, counsel for each party may retain a record including its correspondence file of this case, its pleadings file (including all briefs, memoranda and affidavits), and any briefs or appendix on appeal and all legal research memoranda, irrespective of whether or not Confidential information is included.

(b) Except as otherwise provided in paragraph (a) of this Section, at the conclusion of this litigation, each party or other person subject to the terms of this Protective Order shall either destroy or return to the Designating Party all documents and things designated as Confidential and shall certify such destruction or return in writing to the Designating Party. Such return or destruction shall not relieve said parties or persons from the obligations imposed on them by this Protective Order.

(c) At the conclusion of this litigation, the Court shall retain jurisdiction to enforce this Protective Order.

Dated: July 8, 2002

Dean R. Karau (#225186)
Lora Esch Mitchell (#259615)
FREDRIKSON & BYRON, P.A.
1100 International Centre
900 Second Avenue South
Minneapolis, MN 55402
(612) 347-7000
Fax: (612) 347-7077

ATTORNEYS FOR PLAINTIFF COLLE & MCVOY, INC.

Dated: July 5, 2002

John M. Degnan (#21817)
Christopher R. Morris (#230613)
BASSFORD, LOCKHART, TRUESDELL & BRIGGS, P.A.
3550 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
(612) 333-3000
Fax (612) 333-8829

ATTORNEYS FOR DEFENDANT STEVEN KOTULA

**ORDER**

PURSUANT TO THE FOREGOING STIPULATION, it is hereby ordered that the parties shall abide by the Stipulated Protective Order.

IT IS SO ORDERED.

Dated: July 18, 2002

Franklin L. Noel
Magistrate Judge Franklin L. Noel

/2663975

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Colle & McVoy, Inc., a Minnesota Corporation,

Plaintiff,

v.

Steven Kotula,

Defendant.

Civil Action 02-CV-239 JRT/FLN

**AGREEMENT**

---

The undersigned, being duly sworn and of lawful age, deposes and says the following:

1. My full name and current address is:

______________________________________________________________________

______________________________________________________________.

2. My present occupation is ________________________________.

3. My present employer is _______________ and the address of my present employer is ____________________________________________________.

4. Prior to receiving any documents and information designated "CONFIDENTIAL" in the above case, I was provided with a copy of the Protective Order, which I have read and understand.

5. I agree to be bound by the terms of the Protective Order and to submit to the jurisdiction of the Courts of the State of Minnesota concerning the enforcement of the Order.

6. I understand and agree not to discuss, disclose, or otherwise reveal the information subject to the Protective Order to anyone, except individuals who also are permitted to view, inspect, examine, or discuss the materials, as stated in the Protective Order.

7. I understand that I am to retain all copies of the materials that I receive which have been designated "Confidential" in a container, cabinet, drawer, room, or other safe place in a manner consistent with this Protective Order and that all copies of any such materials are to remain in my custody until I have completed my assigned duties, whereupon the copies are to be destroyed or returned to the Disclosing Party. Such return or destruction shall not relieve me from the obligations imposed on me by said Protective Order.

8. I received confidential information in my capacity as an (attorney, secretary, expert, other) ____________________.

Dated: ___________________ ______________________________________
Signature

Subscribed and sworn to before me
this ____ day of ________, 200_.

________________________________
Notary Public

#2663975\1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01